Case 7:16-cv-00079 Document 30 Filed in TXSD on 10/17/16 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA V. PENA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-79 |
| | § | |
| CITY OF RIO GRANDE CITY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

There are several motions pending before the Court in this case. First, the City of Rio Grande City, Texas ("Defendant Rio Grande City") filed a motion for judgment on the pleadings on March 4, 2016.[1] Second, Lieutenant Jose Solis ("Defendant Solis") filed a motion to dismiss for failure to state a claim on April 11, 2016.[2] Third, Officer Rosa Salinas ("Defendant Salinas") filed a motion to dismiss for failure to state a claim on May 5, 2016.[3] Fourth, Maria J. Peña ("Ms. Peña"), Maria V. Peña ("Mrs. Peña), and Daniel Peña ("Mr. Peña") (collectively "Plaintiffs") filed a motion for leave to amend their complaint on May 25, 2016.[4] Finally, Plaintiffs filed a first amended motion for leave to amend their complaint on May 26, 2016.[5] Since the parties did not file responses to any of these motions, they are all unopposed.

After considering the motions, record, and relevant authorities, the Court **DENIES** the motions for leave to amend, **GRANTS** the motion for judgment on the pleadings, and **GRANTS** the motions to dismiss for failure to state a claim.

---

[1] Dkt. No. 8.
[2] Dkt. No. 14.
[3] Dkt. No. 19.
[4] Dkt. No. 20.
[5] Dkt. No. 22.

## I.  Background

Plaintiffs allege that on June 30, 2014, they were parked in a vehicle nearby the Rio Grande City Police Department.[6] Mr. Peña asked Ms. Peña to exit the vehicle and she refused.[7] Thereafter, Officer Humberto Vela ("Officer Vela") approached the vehicle and asked Ms. Peña to exit the vehicle, and she again refused.[8] Officer Vela then told Ms. Peña to exit the vehicle or else he would tase her, and Ms. Peña responded by exiting the vehicle through the rear passenger door and running away.[9] While Ms. Peña was running away, Defendant Solis ordered Officer Salinas to tase Ms. Peña.[10] Defendant Salinas deployed her taser, leaving a "taser barb" lodged in Ms. Peña's scalp and another "taser barb" lodged in her back.[11] Upon being tased, Ms. Peña lost control of her body and fell, causing bruises, burns, lacerations, and two broken teeth.[12] Mr. and Mrs. Peña witnessed the incident.[13] In the end, Ms. Peña has minor scars, had one tooth eventually removed by a dentist, and experiences headaches.[14]

## II.  Motions for Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend his pleadings once as a matter of course within 21 days after serving it, or if the pleading requires a responsive pleading, within 21 days after a responsive pleading is served. Thereafter, a party may amend only with written consent of the opposing party or by leave of the Court.[15] Since Plaintiffs cannot amend as a matter of course and do not provide written consent of Defendants, Plaintiffs require leave of Court to amend.

---

[6] Dkt. No. 6-2, at ¶¶ 6.02–03.
[7] *Id.* at ¶¶ 6.04–05.
[8] *Id.* at ¶¶ 6.06-07.
[9] *Id.* at ¶ 6.08.
[10] *Id.* at ¶ 6.13.
[11] *Id.* at ¶ 6.14.
[12] *Id.* at ¶ 6.15.
[13] *Id.* at ¶ 6.17.
[14] *Id.* at ¶¶ 6.15-16.
[15] FED. R. CIV. P. 15(a)(2).

Rule 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires."[16] Indeed, the Fifth Circuit has stated that "a district court must possess a 'substantial reason' to deny a request for leave to amend."[17] In determining whether to allow leave to amend a complaint, courts examine whether there was 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.[18] In the absence of any of these factors, the Court should freely grant the requested leave.[19] Nevertheless, the decision whether to grant leave to amend lies within the Court's sound discretion.[20]

Here, there are two motions for leave to amend. The Court will consider the more recent of the two motions. After reviewing the motion, the Court finds that granting leave to amend would be futile. A motion for leave is futile if "the amended complaint would fail to state a claim upon which relief could be granted."[21] Plaintiffs seek to amend their complaint to (1) remove police reports attached to Exhibit A that contain confidential information,[22] (2) join Officer Vela because his police report that "purports to establish probable cause to arrest" Ms. Peña includes "false allegations,"[23] and (3) change the style of the case by removing "Next Friend" because Ms. Peña is no longer a minor.[24] As the first and third proposed amendments do not substantially change the complaint, the Court disregards same. The only substantive change is the proposed joinder of Officer Vela. However, the claims sought to be added as to Officer Vela are substantially the same as those already alleged against Officers Solis and Salinas. As more fully

---

[16] FED. R. CIV. P. 15(a). *See also Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (noting that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend").
[17] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Lyn-Lea Travel Corp.*, 283 F.3d at 286)).
[18] *Id.* (citing *Rosezweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).
[19] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[20] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).
[21] *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).
[22] Dkt. No. 22, at p. 2.
[23] *Id.* at ¶ 12.
[24] *Id.* at ¶ 13.

discussed below, Plaintiffs' existing complaint does not survive the legal sufficiency standard under Federal Rule of Civil Procedure Rule 12(b)(6). Thus, even if these amendments were considered, they would not make any difference. As a result, the Court denies the amended motion for leave to amend and conducts its analysis based on Plaintiffs' Second Amended Petition.[25]

### III. Rule 12(b)(6) Legal Standard

Under Rule 12(b)(6), the Court must dismiss Plaintiffs' complaint if it fails to state a claim upon which relief can be granted.[26] To survive a Rule 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."[27] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[28] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the Plaintiffs.[29] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[30]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[31] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[32] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[33] The "plausibility" standard requires the complaint to state

---

[25] Dkt. No. 6-2.
[26] FED. R. CIV. P. 12(b)(6).
[27] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[28] *Twombly*, 550 U.S. at 555.
[29] *Id.*
[30] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[31] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[32] *See id.* at 678-679.
[33] *See id.* at 679-680.

"enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[34]

### a. *Defendant Rio Grande City's Motion for Judgment on the Pleadings*

Plaintiffs allege § 1983 municipal liability and Texas Tort Claims Act violations against Defendant Rio Grande City. In response, Defendant Rio Grande City filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[35]

#### i. *Municipal Liability*

Under § 1983, a municipality is liable if the claim is "based upon the implementation or execution of a policy or custom which was officially adopted by that body's officers."[36] To impose "municipal liability" on a city, Plaintiffs must prove the existence of: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.[37] "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory."[38] For municipal liability to attach to Defendant Rio Grande City, the unconstitutional conduct must be "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability."[39] Thus, consideration of the three principles of municipal liability

---

[34] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[35] *Ackerson v. Bean Dredging LLC.*, 589 F.3d 196, 209 (5th Cir. 2009).
[36] *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995).
[37] *See Piotrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).
[38] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original).
[39] *Piotrowski*, 237 F.3d at 578.

is integral to distinguishing individual violations by employees from actions of the governmental entity itself.[40]

With regards to the policymaker, "[a]ctual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."[41] Additionally, the existence of a policy or custom can be established either through an authorized policymaker's "statement, ordinance, regulation, or decision," or a "persistent, widespread practice of city officials and employees" that "is so common and well settled as to constitute a custom that fairly represents municipal policy."[42] Even if the policy or custom is facially innocuous, it can support liability under § 1983 if it was "promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result."[43] Lastly, there must be a direct causal link between the policy and the constitutional deprivation.[44]

Plaintiffs allege municipal liability on the basis that Defendant Rio Grande City has "an unconstitutional and widespread practice of tasing persons, including juveniles who are not suspects nor present threats of injury to police officers and others,"[45] and also "an unconstitutional and widespread practice of applying excessive force when there is no crime involved."[46] Plaintiffs contend that Defendant Rio Grande City's policymakers had actual or constructive knowledge of these customs, and further failed to (1) instruct police officers about the risk of secondary impact following taser use, (2) adequately train police officers on secondary injuries that could thus result, (3) restrict the use of tasers on juveniles, (4) adequately

---

[40] *Id.*
[41] *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984)(en banc).
[42] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam), *cert. denied*, 105 S.Ct. 3476 (1985).
[43] *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (citing *Bd. Of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407 (1997)).
[44] *Id.* at 580.
[45] Dkt. No. 6-2, at ¶ 7.04.
[46] *Id.* at ¶ 7.05.

train police officers about the use of force, (5) supervise personnel with previous excessive force complaints, (6) investigate the tasing of Ms. Peña, or (7) discipline the police officers involved in the tasing.[47]

Plaintiffs have not identified an official policy or custom that would impose § 1983 municipal liability. Plaintiffs argue that the city has widespread practices of tasing juveniles and applying excessive force in situations where there is no crime committed, but do not support these assertions. The complaint fails to demonstrate the existence of these alleged wrongful practices or that Defendant Rio Grande City was deliberately indifferent to the consequences of these practices. Plaintiffs merely conclude, without any factual support, that Defendant Rio Grande City was aware of these alleged practices and was deliberately indifferent to addressing them. Absent additional factual allegations showing that these practices even existed, the Court is unable to find deliberate indifference, and thus Plaintiffs' municipal liability claims against Defendant Rio Grande City fail to satisfy the Rule 12(b)(6) legal standard.

        *ii.*     *Texas Tort Claims Act*

The Texas Tort Claims Act ("TTCA") waives sovereign immunity in limited circumstances. The TTCA provides:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the *negligence* of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and

---

[47] *Id.* at ¶¶ 7.04–7.11.

(2) personal injury and death so caused by a condition or use of tangible or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.[48]

Plaintiffs present numerous arguments for why sovereign immunity should be waived: (1) Officer Salinas, while acting within the scope of her employment as a government employee, negligently operated a taser by improperly aiming and firing at Ms. Peña when it was not safe to do so, injuring Ms. Peña with "unreasonably dangerous and violent electrical current,"[49] (2) the taser was in a defective condition, injuring Ms. Peña with "unreasonably dangerous and violent electrical current,"[50] and (3) the government employees were negligent in their efforts to remove the taser prongs from Ms. Peña's scalp and back.[51]

The Court finds that Plaintiffs are unable to establish that sovereign immunity has been waived. *First*, the argument that Officer Salinas was negligent with her use of a taser is unsupported. Plaintiffs again make conclusory arguments, and in doing so, fail to explain how Officer Salinas acted negligently. Plaintiffs' version of the facts indicates that Defendant Salinas was instructed to tase Ms. Peña. Defendant Salinas' compliance is more accurately characterized as an intentional act done pursuant to an order from Defendant Solis. "Texas law does not allow a plaintiff to avoid the bar of governmental immunity by describing essentially intentional conduct as an act of negligence."[52] Importantly, sovereign immunity is not waived under the TTCA for intentional acts.[53]

*Second*, the argument that the taser was defective is likewise unsupported. Defendant Rio Grande City does not dispute that the taser is either a "motor-driven equipment or tangible

---

[48] TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (emphasis added).
[49] Dkt. No. 6-2, at ¶¶ 8.01, 8.04.
[50] *Id.* at ¶ 8.05.
[51] *Id.* at ¶ 8.07.
[52] *Lopez-Rodriguez v. City of Levelland, Texas*, 100 Fed.Appx. 272, 275 (5th Cir. 2004).
[53] TEX. CIV. PRAC. & REM. CODE ANN. § 101.057.

personal property."[54] Nevertheless, Plaintiffs fail to establish the necessary element that Ms. Peña's personal injury was caused by the taser's condition, such that if it were a private person would subject it to liability. In fact, Plaintiffs merely assert that the taser "was in a defective condition, injuring her with unreasonably dangerous and violent electrical current." Without any additional factual allegations, the Court cannot find that this claim satisfies the Rule 12(b)(6) legal standard.

Finally, the argument that the government employees were negligent in their efforts to remove the taser prongs also fails. Plaintiffs do not explain how the employees were negligent. Plaintiffs merely argue that they "misused said prong(s) during removal/separation."[55] Without identifying the proper procedure for removing taser prongs and demonstrating that the employees negligently departed from that procedure, Plaintiffs' argument is conclusory and does not satisfy the Rule 12(b)(6) legal standard.

### b. *Motions to Dismiss for Failure to State a Claim*

Plaintiffs argue that Defendant Solis and Defendant Salinas violated the Fourth Amendment by using excessive force against Ms. Peña.[56] Specifically, Plaintiffs claim that Defendant Solis used excessive force by ordering Defendant Salinas to tase Ms. Peña, and Defendant Salinas used excessive force by tasing Ms. Peña.[57] Both Defendants deny violating the Fourth Amendment, and further raise qualified immunity as an alternate basis for dismissal.

"A government official performing discretionary functions is entitled to qualified immunity unless his conduct violates clearly established statutory or constitutional rights of

---

[54] Dkt. No. 8, at ¶ 3.13.
[55] Dkt. No. 6-2, at ¶ 8.07.
[56] *Id.* at ¶ 7.01.
[57] *Id.* at ¶ 7.02.

which a reasonable person would have known."[58] The qualified immunity analysis has two steps: "(1) the court first determines whether the plaintiff has alleged the violation of a statutory or constitutional right; (2) the court then determines whether the defendant's actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"[59] Under step one, to state an excessive force violation of the Fourth Amendment, "the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable."[60] The objective reasonableness of the use of force depends on the particular facts and circumstances in a case.[61]

Under step two, the Court considers whether the Fourth Amendment violation of excessive force "was nevertheless objectively reasonable in light of clearly established law at the time the challenged conduct occurred."[62] Even if the use of force is deemed objectively unreasonable and it violates constitutional rights, "a defendant's violation of constitutional rights can still be objectively reasonable if the contours of the constitutional right at issue are sufficiently unclear."[63]

Once again, Plaintiffs do not provide enough factual information to survive the Rule 12(b)(6) legal standard. For claims against which qualified immunity may be a defense, the Court "require[s] a heightened standard of pleading, whereby the plaintiff must allege specific conduct giving rise to a constitutional violation. Such allegation 'must be pleaded with factual

---

[58] *Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008).
[59] *Id.* (quoting *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004)).
[60] *Bush*, 513 F.3d at 501.
[61] *Id.*
[62] *Id.*
[63] *Id.*

detail and particularity, not mere conclusionary allegations.'"[64] Here, however, Plaintiffs merely argue that "[n]o reasonable police officer would have instructed tasing [Ms.] Peña. "No reasonable police officer would have tased a juvenile who was not suspected of a crime."[65] Plaintiffs have not satisfied the heightened pleading standard. The Plaintiffs do not support their allegation that Defendants were not reasonable, and the Court finds that the excessive force claim is conclusory, As a result, Plaintiffs fail to satisfy the Rule 12(b)(6) legal standard.

### IV. Holding

For the foregoing reasons, the Court **DENIES** the amended motion for leave to file complaint, **GRANTS** the motion for judgment on the pleadings, and **GRANTS** the motions to dismiss for failure to state a claim. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 17th day of October, 2016.

                                                    _____
                                                    Micaela Alvarez
                                                    United States District Judge

---

[64] *Meekings v. Thompson*, 252 F.3d 1356, 1357 (5th Cir. 2001) (quoting *Jackson v. Widnall*, 99 F.3d 710, 715–16 (5th Cir. 1996).
[65] Dkt. No. 6-2, at ¶ 7.02.